MAY 09 2008

∟ FILED

MAY - 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

MEDMARC CASUALTY INSURANCE )
COMPANY, INC., a Corporation, )
    Plaintiff, )
                      )
       v. )
                      )
DAVID M. KOZLOWSKI, STEVEN )
IRMEN, and SHERYL IRMEN, )
                      )
    Defendants. )

**08CV2707**

**JUDGE KOCORAS**

**MAG. JUDGE VALDEZ**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now plaintiff, MEDMARC CASUALTY INSURANCE COMPANY, INC., and for its

Complaint against Defendants DAVID M. KOZLOWSKI, STEVEN IRMEN, AND SHERYL

IRMEN, states as follows:

### JURISDICTION AND VENUE

    1.     This action is brought pursuant to this Court's diversity jurisdiction conferred by

28 U.S.C. §1332.

    2.     Plaintiff, MEDMARC CASUALTY INSURANCE COMPANY, INC.

("Medmarc") is a Vermont corporation with principal place of business in Chantilly, Virginia.

    3.     Upon information and belief, defendant DAVID M. KOZLOWSKI

("Kozlowski") is a resident and citizen of the state of Illinois.  Kozlowski is an attorney licensed

to practice in the State of Illinois, with a business office in Aurora, Illinois.

    4.     Upon information and belief, defendant STEVEN IRMEN is a resident and

citizen of Naperville, Illinois.

5.     Upon information and belief, defendant SHERYL IRMEN is a resident and citizen of Naperville, Illinois. Defendants Steven and Sheryl Irmen are referred to collectively hereafter as "the Irmens."

6.     This is an action for declaratory judgment, seeking to adjudicate rights with respect to a claim under a liability insurance contract, under which Medmarc may become potentially liable for a judgment in excess of $75,000. The amount in controversy thus exceeds the jurisdictional minimum of $75,000.

7.     Venue in the Northern District of Illinois is proper since the three defendants are residents of that district.

## FACTUAL ALLEGATIONS

8.     Beginning in approximately 2001 through 2003, Kozlowski represented the Irmens with regard to a medical malpractice action, filed by him on their behalf in Cook County, Illinois.

9.     The subject of the dispute in the medical malpractice action was alleged breach of care in regards to a tissue graft surgery received by Steven Irmen in June 1999.

10.     The tissue graft in question was supplied by a certain corporation named CryoLife, Inc.

11.     CryoLife had a history of supplying infected tissue grafts, and in fact did supply such a graft to Steven Irmen.

12.     In February 2003, Kozlowski amended the complaint in the medical malpractice action to add CryoLife as a defendant.

13.     CryoLife moved to dismiss the complaint against them as being barred by the statute of limitations. The motion was granted in May 2003.

14.　　Also in 2003, Kozlowski referred the representation of the medical malpractice action to other counsel, Mark McNabola.

15.　　Mr. McNabola proceeded to trial on the medical malpractice action in May 2006, and did not prevail.

16.　　At trial, the jury was presented with the special interrogatory, "Was the graft which was contaminated with Clostridium Septicum bacteria, the sole proximate cause of Plaintiff's claimed injuries?", to which the jury answered, "Yes."

17.　　Based on the above facts, the Irmens subsequently sued Kozlowski for legal malpractice in September 2007.

18.　　Plaintiff, Medmarc Casualty Insurance Company, Inc., issued a professional liability insurance policy to Kozlowski in 2003, which was subsequently renewed in 2004 and 2005 ("the Medmarc policy").

19.　　Kozlowski has claimed that his potential liability for the legal malpractice action is covered by the Medmarc policy. Medmarc has hitherto defended the legal malpractice action subject to a reservation of rights.

20.　　In his October 2003 application for the Medmarc policy, Kozlowski answered "no" to the question "...are there any circumstances which may result in a claim being made against the firm, its predecessors, or any current or past partner, officer, owner or employed lawyers of the firm?"

21.　　In his September 2004 and September 2005 renewal/anniversary applications, Kozlowski answered "no" to the question "at this time, does any applicant know of any act, omission or circumstances that could reasonably give rise to a professional liability claim against

any of the following: the firm, any past or present attorneys in the firm, or any Predecessor

Firm?"

22.    The Medmarc policy, contained, at all relevant times, language that read in

relevant part as follows:

"**Section I:  Scope of Coverage**

**A.  Professional Liability "Claims" Made Insuring Clause**

… The insurance provided by this Policy will not apply unless such act or omission, or such
**"personal injury"**, happens: …
    Prior to the **"Policy"** and subsequent to the Retroactive Date provided that prior to the
effective date of this Policy:…
    (b) No "insured" had a basis to believe that any such act or omission or "related act or
omission", or "personal injury", might reasonably be expected to be the basis of a "claim". . ."

23.    The language of the policy contains a discovery clause, but that provision

provides that in order for a claim to be valid under this clause, it must have been reported during

the policy period that the insured first discovers the claim.

24.    As of the time of the dismissal of the action against Cryolife in 2003, Kozlowski

knew or should have known of the existence of a potential malpractice claim against him.

25.    By answering "no" to the question as to whether Kozlowski was aware of any act,

omission, or circumstance that might give rise to a claim, Kozlowski supplied incorrect and/or

inaccurate information to Medmarc as part of his insurance applications.


**COUNT I.  DECLARATORY JUDGMENT (No duty to indemnify)**

26.    Medmarc repeats and realleges the facts and contentions contained in Paragraphs

1-25, above, as if stated in full herein.

27.     Medmarc contends that it owes no coverage under the policy to David M. Kozlowski, and therefore will not be obligated to pay any damages or other indemnity arising from this claim.  This contention is based on the following premises:

a.     The defendant knew or should have known, at all times subsequent to May 2003, that this matter could be the basis for a claim.

b.     Because the defendant failed to report the potential claim during the 2003-2004 policy period when it was first discovered, the claim is not insurable under the current policy, under the "Discovery Clause" cited in Paragraph 23 above.

c.     Because the defendant had reason to know of the potential claim during his 2004 and 2005 renewal applications, but did not disclose the potential claim, the claim is not insurable under the current policy, under the "Scope of Coverage" provisions cited in Paragraph 22 above.

d.     Because the defendant knew of the potential claim at the time of their renewal applications, the potential claim thereby became a known risk, and therefore not insurable under Illinois law.

e.     Because the defendants provided incomplete, false, or inaccurate information at the time of their renewal applications, the policy is thereby rendered void.

28.     The rights and liabilities as between defendants David M. Kozlowski and Steven and Sheryl Irmen are or may be affected by the determination under this Count.

29.     An actual controversy exists between the plaintiff and the defendants, and this Court is vested with the authority to declare the rights and obligations of the parties hereto with respect to the policy at issue, and to provide any other relief that it deems just and necessary.  A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the policy.

WHEREFORE, plaintiff, Medmarc Casualty Insurance Co., prays that this court determine and adjudicate the rights and obligations of Medmarc and the defendants with respect to the policy attached hereto as Exhibit 1; find and declare that there is no liability coverage under the Policy for any monetary damages or other indemnification that may be awarded or otherwise determined under the legal malpractice claims of Steven and Sheryl Irmen; and grant any other relief that is just and proper under the circumstances.

### COUNT II. DECLARATORY JUDGMENT (No duty to defend; costs)

30.    Medmarc repeats and realleges the facts contained in Paragraphs 1-29 above as if stated here in full.

31.    Medmarc contends that it owes no continuing duty to defend David M. Kozlowski with respect to the legal malpractice claims made against him by Steven and Sheryl Irmen. This contention is based on the following premises:

a.    For the reasons expressed in paragraph 27 above, no coverage for the claim exists under the policy.

b.    Under the policy, Medmarc has a duty to defend only claims that are covered by the policy. The relevant language is contained on Page 6 of Exhibit 1 under the heading, "Defense."

c.    The defense of the Irmens' claims was undertaken under a full reservation of rights, and the defendants were made to understand that no action of the Company was meant to imply that Medmarc waived the right to deny coverage under the policy.

32.    To date Medmarc has defended David M. Kozlowski under the claims made against them by the Irmens, and has incurred costs therein.  Those costs are ongoing.

43.    An actual controversy exists between the plaintiff and the defendants, and this Court is vested with the authority to declare the rights and obligations of the parties hereto with respect to the policy at issue, and to provide any other relief that it deems just and necessary.  A declaratory judgment will serve a useful purpose in clarifying the various parties' rights and obligations under the policy.

WHEREFORE,  plaintiff, Medmarc Casualty Insurance Co., prays that this court determine and adjudicate the rights and obligations of Medmarc and the defendants with respect to the policy attached hereto as Exhibit 1, and to find and declare that there is no continuing duty under the policy for Medmarc to provide a defense to David M. Kozlowski for the legal malpractice claims of Steven and Sheryl Irmen. Plaintiff further prays for an finding that Medmarc is entitled to reimbursement from the defendants for the defense costs Medmarc has hitherto incurred on their behalf, and that this court grant any other relief that is just and proper under the circumstances.

MEDMARC CASUALTY INSURANCE CO.

By:    David F. Ryan, Esq.

David F. Ryan
John W. Patton, Jr.
PATTON & RYAN LLC
330 N. Wabash Ave., Suite 2900
Chicago, IL 60611
(312) 261-5160
Fax (312) 261-5161
Firm Code 40669

G:\Matters\Current\120-001\Pleadings\Draft Complaint.doc